UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24840-BLOOM/Torres

NELVIS PEREZ GAMBOA,

    Plaintiff,

v.

WALMART, INC. and
JOHN DOE,

    Defendants.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon Plaintiff Nelvis Perez Gamboa's Renewed Motion for Leave to Amend Complaint and Motion for Remand, ECF No. [26] ("Motion"). Defendant Walmart, Inc. ("Walmart") filed a Response in Opposition, ECF No. [27] and Plaintiff did not file a Reply. The Court has reviewed the Motion, the record in this case, Walmart's opposing submissions,[1] the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted.

**I.   BACKGROUND**

Plaintiff originally filed this action in the Eleventh Judicial Circuit Court for Miami-Dade County, Florida, Case No. 2023-007230-CA-01, alleging negligence claims against Defendants Walmart and John Doe, the then-unidentified store manager. *See generally* ECF No. [1-2]. Plaintiff alleges he was shopping at a "Walmart Neighborhood Marker located at 6991 SW 8th Street, in Miami, Florida[,]" *id.* ¶ 4 when he "slipped and fell on a transitory foreign substance[.]"

---

[1] Walmart attached Plaintiff's deposition transcript, ECF No. [27-1], Palma's deposition transcript, [27-2], its responses to Plaintiff's interrogatories, ECF No. [27-3], and a Declaration from Palma, ECF No. [27-4] ("Palma Declaration"), to support its Response.

*Id.* ¶ 11. Count I alleges Walmart was negligent by failing to sufficiently maintain or inspect the premises, and by failing to warn Plaintiff of this danger. *See id* ¶¶ 11-14. Count II alleges the unidentified general manger, John Doe, was also negligent because he failed to fulfill his duties as general manager to sufficiently maintain or inspect the premises, to adequately train the employees under his supervision, or to warn Plaintiff of this danger. *See id.* ¶¶ 17-20.

Walmart removed the case to this Court on December 21, 2023, based upon the parties' diversity of citizenship under 28 U.S.C. § 1332. *See* ECF No. [1]. Plaintiff now seeks leave to file an Amended Complaint naming Fabiola Palma ("Palma") and Miriam Carmona ("Carmona")—Walmart employees and Florida residents—as defendants in this action and consequently seeks to remand the case to state court for lack of diversity jurisdiction.

Plaintiff's Amended Complaint, ECF No. [26-4] ("Proposed Amended Complaint"), alleges negligence claims against Carmona, the maintenance associate responsible for maintaining the subject area, and Palma, the store manager responsible for overseeing the subject area. Because Carmona and Palma are both Florida citizens, Plaintiff contends the case should be remanded to state court. Walmart responds that the Motion should be denied because Plaintiff seeks to fraudulently join Carmona and Palma to destroy diversity jurisdiction.

## II.   LEGAL STANDARD

### A. Leave to Amend After Removal

"The decision concerning whether to allow a complaint which has been removed from state court to be amended to add a defendant is governed by 28 U.S.C. § 1447(e)." *Laposa v. Walmart Stores E. LP*, No. 220CV182FTM29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020) (citing *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

28 U.S.C. § 1447(e); *Ingram*, 146 F.3d at 862. The decision to permit the plaintiff to join a non-diverse defendant "is left to the discretion of the district court." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). The Court considers several factors when determining if leave to amend should be allowed under § 1447(e), including: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." *Laposa v. Walmart Stores E. LP*, No. 220CV182FTM29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020) (citing *Hacienda Village Homeowners Ass'n, Inc. v. Marsh, Inc.*, No. 2:10-CV-604-FTM-29, 2011 WL 2893113, *2 (M.D. Fla. July 20, 2011)).

### B. Fraudulent Joinder

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (internal citations and quotations omitted).

> The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court. The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor.

*Id.*

A court is to resolve the question of fraudulent joinder using a similar standard as the one applied to a motion for summary judgment. *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005). Furthermore, "the claims against those defendants who are alleged to be fraudulently joined must be obviously frivolous, and the mere possibility of stating a valid cause of action makes joinder legitimate." *Carl's Furniture, Inc. v. APJL Consulting, LLC*, No. 15-60023-CIV, 2015 WL 1467726, at *3 (S.D. Fla. Mar. 30, 2015) (internal citation omitted). Overall, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *see also Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.").

**III. DISCUSSION**

Plaintiff contends his Motion should be granted because viable negligence claims exist against Palma and Carmona, and there is no other reason to deny leave to amend. Walmart responds that the instant Motion should be denied because Plaintiff seeks to fraudulently join Carmona and Palma to destroy diversity jurisdiction. Walmart contends Plaintiff and Palma's testimony establishes Plaintiff cannot show either Palma or Carmona breached a duty they owed to Plaintiff.

The Court accordingly must determine whether Plaintiff's Proposed Amended Complaint, establishes "the possibility of stating a valid cause of action" against Palma, Carmona, or both. *Triggs*, 154 F.3d at 1287. To meet its heavy burden, Walmart must show its proffered evidence precludes stating "even a colorable claim against the resident defendant[s]." *Pacheco de Perez*, 139 F.3d at 1380. "[I]f there is a possibility that a state court would find that the complaint states

4

a cause of action against any of the resident defendants," the Court "must find that the joinder was proper and remand the case to the state court." *Tillman*, 340 F.3d at 1279.

### A. Fraudulent Joinder

Plaintiff relies on *Laposa v. Walmart Stores E. LP*, No. 220CV182FTM29NPM, 2020 WL 2301446 (M.D. Fla. May 8, 2020) for support. As Plaintiff points out, *Laposa* also featured a plaintiff alleging negligence claims against Walmart and an unidentified store manager. *See id.*, at *1. The plaintiff then sought leave "to amend the Complaint to replace John Doe with the now-identified store manager[.]" *Id.* Walmart opposed this relief, arguing the plaintiff sought to fraudulently join the store manager. The court disagreed, observing Florida law is clear "that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." *Id.* (quoting *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005)). The court concluded that because the amended complaint plausibly alleged the store manager's breach of their managerial duties caused the plaintiff's injuries, both joinder and remand were warranted. *See id.*, at *3.

Plaintiff contends *Laposa* demonstrates he states a viable negligence claim against Palma, and joinder and remand are thus warranted. As Plaintiff observes, *Laposa* found similar allegations were sufficient to demonstrate remand was warranted. *Compare* ECF No. [26-4] ¶¶ 21(a)-(c) (alleging Palma was negligent for failing "to adequately maintain the floor scrubber machine … properly train and supervise the employees under her supervision …  [or] take timely action to remedy a [dangerous] condition"); *with Laposa*, 2020 WL 2301446, at *3 (alleging the store manager failed "to maintain the floor space" in the subject area, "adequately warn the [p]laintiff … adequately remedy the dangerous condition … [or] properly train and supervise employees on duty[.]").

Walmart responds that *Laposa* is distinguishable because, unlike here, it did not offer any evidence to rebut the sufficiency of the plaintiff's allegations. Walmart contends its supporting evidence establishes Plaintiff cannot state a viable negligence claim against Palma or Carmona. For support, Walmart points to (1) Plaintiff's deposition testimony, (2) Palma's deposition testimony, (3) Palma's Declaration, and (4) video evidence.[2] Walmart argues this evidence shows neither Palma nor Carmona breached any duty they owed to Plaintiff, or that they either knew or should have known their conduct would lead to his injuries. While Walmart is correct it did not attempt to rebut the plaintiff's allegations in *Laposa*, the Court is unpersuaded that Walmart's proffered evidence here demonstrates Plaintiff cannot possibly state a viable claim against either individual.

"To state claim for negligence under Florida law, a plaintiff must allege that defendant owed plaintiff a duty of care, that defendant breached that duty, and that the breach caused plaintiff to suffer damages." *Laposa*, 2020 WL 2301446, at *3 (citing *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001)). "Florida recognizes a negligence claim against a corporate officer or agent only if he personally participated in the tortious conduct." *Boyd v. Petco Animal Supplies Stores, Inc.*, 3:18-CV-639-J-32PDB, 2018 WL 4360621, at *2 (M.D. Fla. Sept. 13, 2018);

---

[2] Walmart's reliance on the lack of video evidence and its *own* interrogatory responses is misplaced. "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any *affidavits and deposition transcripts* submitted by the parties[ ]"—not non-testimonial evidence. *Pacheco de Perez*, 139 F.3d at 1380. Moreover, Walmart's interrogatory responses are not properly considered as affirmative evidence. *See EarthCam, Inc. v. OxBlue Corp.*, 49 F. Supp. 3d 1210, 1221 (N.D. Ga. 2014), *aff'd*, 703 Fed. App'x 803 (11th Cir. 2017) ("A party who has answered interrogatories submitted by an adversary generally cannot secure admission of its answers into evidence and may not rely on its answers as evidence in its favor or as affirmative evidence.") (quoting 23 AM. JUR. 2d, DEPOSITIONS AND DISCOVERY § 131 (collecting cases) (internal quotation omitted)).

*see also White*, 918 So. 2d at 358 ("For individual liability to attach, a corporate official must have committed or participated in the tort.").[3]

As a threshold matter, the Court disagrees with Walmart that "first-hand testimony of what occurred that day [ ]" fatally undermines Plaintiff's theory of liability. The Proposed Amended Complaint alleges Plaintiff "slipped and fell on a stream of water that was on the floor … [and] created by a floor scrubber machine[.]" ECF No. [26-4] ¶¶ 12-13. Plaintiff alleges Palma, "as the team leader … [of] front end operations" is "responsible for overseeing all aspects of the floor scrubber machines[,] including training and managing WALMART's employees[,]" and that Carmona was the employee who "operated the floor scrubber machine in the area where Plaintiff fell[.]" *Id.* ¶¶ 19-20, 25. Walmart argues this theory of liability necessarily fails because (1) Plaintiff testified he does not know how the water ended up on the floor, (2) Palma testified neither she nor anyone else saw any water on the floor, and that she did not recall any issues with the floor scrubber on the date of the incident, and (3) video surveillance did not capture Plaintiff's fall or any water stream left behind.

According to Walmart, the absence of any record evidence of water on the floor shows Plaintiff has no possibility of stating a claim against Palma or Carmona. The Court disagrees. Palma's testimony that Plaintiff slipped on tiny drops of water on the floor, not a water stream created by the floor scrubber, and that she does not recall experiencing issues with the floor scrubber, does not establish Plaintiff fails to state a colorable claim. *See* ECF No. [27] at 5. That testimony merely disputes Plaintiff's theory of liability. It does not demonstrate that theory is

---

[3] Walmart contends this principle is limited to corporate *officers*. However, Walmart acknowledges many cases provide this principle extends to agents, including employees. *See, e.g., Tynes v. Target Corp.*, 12-24302-CIV-MORENO, 2013 WL 1192355, at *2 (S.D. Fla. Mar. 22, 2013). The Court does not consider this argument in light of the Eleventh Circuit's guidance that "any uncertainties about the applicable law" must be resolved in Plaintiff's favor. *Pacheco de Perez*,139 F.3d at 1380.

impossible, or even implausible.[4] Moreover, Walmart does not offer any testimony from Carmona that may also present factual issues. Walmart accordingly fails to show this testimony fatally undermines Plaintiff's theory of liability.

Walmart also argues amendment is futile "because Plaintiff has not alleged Palma breached any duty to Plaintiff through personal fault." ECF No. [27] at 6. As noted, the Proposed Amended Complaint alleges Palma, "as the team leader for the front end operations at the subject storefront … was responsible for overseeing all aspects of the floor scrubber machines including training and managing WALMART's employees charged with utilizing the floor scrubber machines, as well as maintaining the floor scrubber machines in good working order." ECF No. [26-4] ¶ 19. Plaintiff alleges Palma breached her duty to ensure "that the floor scrubber machine … did not leave water on the floor or create hazards for customers" *id.* ¶ 20, in one of the following ways:

> a. Failing to adequately maintain the floor scrubber machine at issue in adequate condition;
> b. Failing to properly train and supervise the employees under her supervision;
> c. Failing to report or take timely action to remedy a condition which she knew or should have known created a hazard for those shopping in the store;
> d. Other acts of negligence, to be discovered.

*Id.* ¶ 21.

Walmart argues Plaintiff cannot state a negligence claim against Palma because the record evidence demonstrates (1) Palma is one of several managers who owes Plaintiff those duties and (2) Palma testified she did not personally participate in the events leading to Plaintiff's injuries. However, the Court is unpersuaded such testimony demonstrates Plaintiff cannot state a claim against Palma.

---

[4] As discussed below, the Court is unpersuaded Palma's testimony that she did not recall issues with the floor scrubber on the date of the incident establishes she did not—and could not have—breached a duty she owed to Plaintiff.

Plaintiff alleges a viable negligence claim against Palma even though Palma is one of several managers responsible for overseeing the floor scrubber machines and maintenance associates. Plaintiff alleges Palma's duties include overseeing all aspects of the floor scrubber machines, maintaining those machines, and training, supervising, and overseeing the maintenance associates when they use them. ECF No. [26-4] ¶ 19. Walmart relies on Palma's testimony that she shares those responsibilities with the other team leads, two operations managers, and the store manager. *See* ECF No. [27-2] at 22. According to Walmart, because this evidence shows those duties are not uniquely attributable to Palma, her general duties as front team lead cannot show she personally breached a duty owed to Plaintiff. Walmart relies on *Dawson v. Wal-Mart Stores E., LP*, No. 21-61750-CIV, 2021 WL 9525884 (S.D. Fla. Nov. 17, 2021) for support. In *Dawson*, the court found the plaintiff failed to state a negligence claim against the store manager because "[t]he allegations relating to [the store manager] amount to little more than a conclusory recitation of the general duties and responsibilities of a store manager." *Id.*, at *2.

*Dawson* is readily distinguishable. The court found the store manager was fraudulently joined where "the sole factual allegation … [was] that [he] was employed as the store manager on the date of the alleged injury[,]" and the complaint simply recited the same boilerplate managerial duties Walmart allegedly owed the plaintiff. *See id.*, at *2. The store manager also filed a declaration "stating that she was not present at the store when the alleged injury occurred and that she had no knowledge of the alleged liquid." *Id.* Unlike *Dawson*, Plaintiff alleges Palma owed him distinct, specific duties based on her role as front team lead. Palma's testimony *confirms* she has those duties but clarifies that those duties are shared among the team leads and other managers. *See* ECF No. [27-2] at 22. Palma's alleged duties are therefore specific managerial duties that

Palma plausibly breached. *Dawson* does not support a finding that Plaintiff fails to state a claim because those duties are not unique to Palma.

Walmart next argues Plaintiff cannot state a claim against Palma because he cannot show Palma "had personal involvement beyond [her] official character." ECF No. [27] at 8. In other words, Walmart argues Palma did not personally breach any duty she owed to Plaintiff. According to Walmart, because Palma testified she (1) is one of several managers who has these duties, (2) did not witness or personally participate in the incident, and (3) did not notice any spills in the area where Plaintiff fell or problems with the floor scrubber machine on the day of the incident, Palma cannot be held personally liable for Plaintiff's injuries. *See* ECF No. [27] at 7-8.

The Court disagrees. Palma's proffered testimony does not address her role in maintaining the floor scrubber machines or in training and supervising maintenance associates. Palma and the other team leads are collectively responsible for managing the maintenance associates. *See* ECF No. [27-2] at 22. However, that collective responsibility does not establish Palma was not responsible for maintaining the floor scrubber at issue or for training the maintenance associate who used it. Neither does Palma's testimony that she has never seen the floor scrubber create water streams and does not recall any issues with the floor scrubber on the date of the incident. *See id.* at 99, 130-31. Walmart argues this testimony, coupled with the Palma Declaration disclaiming any participation in or knowledge of Plaintiff's fall, unequivocally demonstrates Plaintiff cannot state a claim against her. *See generally* ECF No. [27-4]. However, this testimony does not foreclose the possibility Palma failed "to adequately maintain the floor scrubber machine at issue[,]" or "to properly train[]" Carmona on how to use that machine, for example. ECF No. [26-4] ¶¶ 21(a), (b).

Those allegations remain possible, even plausible, on this record. If Plaintiff shows Palma was responsible for maintaining the floor scrubber at issue, or for training Carmona, Palma's

failure to adhere to Walmart's maintenance or training protocols could demonstrate she had constructive notice the floor scrubber was a potential hazard. Accordingly, if Plaintiff establishes the floor scrubber produced a water stream that caused his injuries, Palma could be personally liable for negligently maintaining the machine, training Carmona, or both. Put differently, the fact Palma did not witness the incident or notice issues with the floor scrubber that day fails to show she cannot possibly be liable for negligently maintaining that machine or for training or supervising Carmona.

The cases Walmart relies on for support do not suggest otherwise. *Johnson v. Floor & Decor Outlets of Am., Inc.*, No. 23-80010-CIV, 2023 WL 3750592 (S.D. Fla. May 31, 2023) is instructive. The plaintiff in *Johnson* alleged the store manager breached his duty "to maintain the store in a reasonably safe condition and to inspect the premises" by "'negligently causing or permitting the sign to be improperly secured to the wall,' 'failing to adequately warn the public' … and 'failing to have in place adequate procedures to discover defective and/or dangerous conditions.'" *Id*, at *3 (record citations omitted). The manager "conceded that he 'visually inspect[s] the store for hazardous or dangerous conditions,' but maintained that he is 'not responsible for securing, attaching and/or hanging signs' and that he 'was never put on notice that the sign at issue was a dangerous condition.'" *Id.* The court concluded the store manager was fraudulently joined, reasoning the store manager's unrebutted testimony established he was not responsible for hanging the sign, did not hang the sign, and did not personally witness or participate in the incident. *See id.*, at *5. The court distinguished *Krobatsch v. Target Corp.*, No. 20-81552-CIV, 2020 WL 6375175 (S.D. Fla. Oct. 30, 2020) in reaching its conclusion. As *Johnson* explains, the defendant in *Krobatsch* failed to foreclose the possibility he had *constructive* notice of a hazard:

> In *Krobatsch*, this Court rejected the defendants' fraudulent joinder
> arguments because the manager-defendant could have been liable for negligence

11

> based upon constructive notice. *Id.* There, this Court determined that the defendant's declaration conflated "actual notice" with "active negligence" and completely disregarded the requirement of constructive notice. *See id.* Specifically, the *Krobatsch* defendant's declaration did not say "what (if anything) his duties required him to do–or what protocols he was obliged to implement" before the hazardous condition (in that case, a slip and fall), arose. *Id.* Here, however, Gallagher's declaration specifically explains that he is "not responsible for securing, attaching, and/or hanging signs." (Decl. (DE [1-4] at ¶ 6). Although, as Plaintiff notes, Gallagher "visually inspect[s] the store for hazards or dangerous conditions," he continues that he "was never put on notice that the sign at issue was a dangerous condition." *Id.* at ¶¶ 8–9. Absent any rebuttal from Plaintiff, this Court finds that Defendant sufficiently foreclosed constructive notice *and* actual notice in his declaration. Defendant Gallagher has therefore met his high burden of showing that Plaintiff could not possibly bring a negligence claim against him.

*Id.*

This case is more aligned with *Krobatsch*. Unlike *Johnson*, Palma did not testify she is not responsible for maintaining the floor scrubber machines or training employees on how to use them. Walmart does not dispute Palma has those duties, including a duty to train maintenance associates—a duty not at issue in *Johnson*. Moreover, Palma's testimony does not explicitly deny maintaining the floor scrubber at issue or training the maintenance associate who used the floor scrubber. Like the manager in *Krobatsch*, Palma's testimony also fails to specify what protocols, if any, she must adhere to when maintaining floor scrubber machines or training maintenance associates. 2020 WL 6375175, at *4. At minimum, Palma's testimony fails to rebut Plaintiff's allegations that Palma negligently maintained the floor scrubber machine, supervised or trained the employee who used it, and that she should have known doing so would lead to Plaintiff's injuries. For the reasons discussed above, her testimony accordingly fails to "sufficiently foreclose[] constructive notice *and* actual notice[.]"*Johnson*, 2023 WL 3750592, at *5.

The other authorities cited by Walmart are also distinguishable. In *Petigny v. Wal-Mart Stores E., L.P.*, No. 18-23762-CIV, 2018 WL 5983506 (S.D. Fla. Nov. 14, 2018), the plaintiff failed to allege the store manager had constructive notice in the first place. *See id.*, at *3 ("Plaintiff

12

does not allege facts showing that Pericles caused grapes to be on the floor, was told the grapes were on the floor, knew or should have known about the grapes being on the floor, or was in the area of Plaintiff's incident prior to same in order to correct it."). Here, Plaintiff *does* allege such facts, namely, that Palma maintained the floor scrubber at issue or failed to adequately train the employee who used it. *See* ECF No. [26-4] ¶¶ 19-21. *Kalit v. Target Corp.*, No. 3:18-CV-1101-J-34MCR, 2019 WL 423318 (M.D. Fla. Feb. 4, 2019) similarly dismissed a store manager because the record established the manager was not responsible for cleaning the floors. *Id.*, at *3 ("Target employs a separate company to clean and wax the floors at night. Figueroa was not in charge of hiring the cleaning company, and she did not know the cleaning company's name."). In other words, the record established the store manager did not owe the plaintiff this duty at all. Here, Palma's testimony does not disclaim having these managerial duties. As discussed, the fact Palma is not the *only* manager who has those duties fails to show Plaintiff fails to state a claim against her.

The Court is similarly unpersuaded by the other decisions relied upon by Walmart. Those cases feature store managers who categorically rebutted the plaintiff's conclusory allegations that the managers breached a managerial duty or had any knowledge of the slip-and-fall incident in question. *See Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-CV-639-J-32PDB, 2018 WL 4360621 (M.D. Fla. Sept. 13, 2018) ("Boyd has failed to rebut LeBlanc's denial that she personally breached any duty owed to Boyd. The allegations of negligence … are conclusory. Essentially, Boyd relies on unsupported allegations and speculation that discovery will reveal a possible claim against LeBlanc."); *De Varona v. Disc. Auto Parts, LLC*, 860 F. Supp. 2d 1344, 1347 (S.D. Fla. 2012) (the plaintiff failed to rebut the manger's denial of "having any responsibility over the parking lot[]" where he fell or the manager's "denial of having any knowledge of the purportedly

dangerous area."); *Pritchard v. Wal-Mart Stores, Inc.*, No. 809-CV-46-T-24TGW, 2009 WL 580425, at *3 n.1 (M.D. Fla. Mar. 5, 2009) (store manager rebutted the plaintiff's "vague, conclusory allegations"). Here, Palma's testimony does not sufficiently rebut Plaintiff's allegations regarding her duties and that Palma may have had constructive notice of the floor's condition.

The Court therefore agrees with Plaintiff that *Laposa* is persuasive and Palma's testimony fails to show "there is no possibility plaintiff can establish a cause of action against [her] for negligence." *Laposa*, 2020 WL 2301446, at *3 (citing *Nelson v. Boston Mkt. Corp.*, 2017 WL 393870, *2 (M.D. Fla. Jan. 30, 2017); *Hunt v. Target Corp.*, 2014 WL 1515262, *2 (S.D. Fla. Apr. 18, 2014); *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357 (1st DCA 2005)). As in *Laposa*, the Court concludes Plaintiff's allegations are sufficient, and therefore demonstrate joinder of Palma is proper. Walmart accordingly fails to meet its heavy burden with respect to Palma.[5]

**B. Leave to Amend After Removal**

Having determined Palma is not fraudulently joined, the Court considers whether leave to amend is warranted and considers the following factors in its analysis: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the

---

[5] Walmart also fails to show Carmona is fraudulently joined. Walmart simply asserts Carmona is fraudulently joined "for the same reasons as Palma" without providing any supporting evidence. *See* ECF No. [27] at 13. The Court does not consider Carmona in its fraudulent joinder analysis because Plaintiff alleges Carmona is a Florida citizen "on information and belief[.]" ECF No. [26-4] ¶ 8. "[I]t is *never* appropriate to plead jurisdictional allegations upon information and belief[.]" *Admiral Ins. Co. v. VPrart, LLC*, Case No. 21-cv-21312, 2021 WL 1318223, at *1 n.1 (S.D. Fla. Apr. 7, 2021); *Dockery v. Hartford Ins. Co. of the Midwest*, Case No. 19-21904-Civ, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019). This conclusion does not affect remand in light of the Court's conclusion Palma is properly joined. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

amendment is not allowed; and (4) any other factors bearing on the equities." *Laposa*, 2020 WL 2301446, at *2.

First, "[i]n the absence of fraudulent joinder, there is little reason not to allow the requested amendment to substitute a named person for the John Doe defendant." *Id.*, at *4; *see Doe v. Sheely*, 781 Fed. App'x 972, 973 (11th Cir. 2019) ("Federal Rule of Civil Procedure 10(a) requires every complaint to name all parties[.]"); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."). As in *Laposa*, the Court finds "the purpose of the proposed amendment is not to defeat jurisdiction but, rather, to identify the actual name of a proper defendant already described in the original complaint." 2020 WL 2301446, at *4 (citation omitted). Second, Plaintiff was not dilatory in filing the instant Motion. Plaintiff sought and obtained an extension to move to amend his Complaint and timely moved to do so on April 12, 2024. Further, he did so less than a month after deposing Palma. *See* ECF No. [27] at 3.

Third, Plaintiff will be significantly harmed if amendment is not allowed. "In determining whether to permit joinder and remand to state court, the harm resulting from forcing Plaintiffs to pursue parallel litigation in federal and state court is considered." *Kelly v. Stillwater Pres. Dev., LLC*, 2018 WL 7460057, *2 (M.D. Fla. Nov. 14, 2018) (citations omitted). Like the plaintiff in *Laposa*, if Plaintiff "is not allowed to replace John Doe with [Palma and Carmona], she will be forced to pursue litigation against [Walmart] in federal court and litigation in state court." 2020 WL 2301446, at *4. This Court agrees doing so "would constitute a significant injury, as well as a waste of judicial resources given the similarity of the claims." *Id.* (citations omitted). Fourth, the

15

Parties do not suggest "any other compelling factor bears on the equities." *Id.* The Court accordingly finds Plaintiff should be granted leave to amend her Complaint pursuant to § 1447(e).[6]

IV. **CONCLUSION**

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Leave to Amend Complaint, **ECF No. [26]**, is **GRANTED**. It is further **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Amended Complaint, **ECF No. [26-4]**, is the operative Complaint.

2. Plaintiff's Motion for Remand, **ECF No. [26]**, is **GRANTED**.

3. The Court Clerk is directed to **REMAND** this case to the Eleventh Judicial Circuit Court in and for Miami-Dade County for further proceedings.

4. The Clerk is **DIRECTED TO CLOSE** this case.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 1, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[6] The fact Plaintiff fails to sufficiently allege Carmona's citizenship does not support denying leave to amend. As discussed, the Court concludes Palma is not fraudulently joined, and that this case must be remanded for lack of diversity jurisdiction. Plaintiff's failure to sufficiently allege Carmona's citizenship for purposes of *federal* diversity jurisdiction is inconsequential in light of this conclusion.